NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2013-760


WILLIAM BOVAIRD

v.

NEW HAMPSHIRE DEPARTMENT OF ADMINISTRATIVE SERVICES

Argued:  June 26, 2014
Opinion Issued:  September 30, 2014


Law Offices of Shawn J. Sullivan, PLLC, of Concord (Shawn J. Sullivan, on the brief and orally), for the petitioner.


Joseph A. Foster, attorney general (Richard W. Head, associate attorney general, on the brief and orally), for the State.


DALIANIS, C.J.  The New Hampshire Department of Administrative Services (the Department) appeals an order of the Superior Court (Smukler, J.) granting the cross-motion for summary judgment filed by the petitioner, William Bovaird, and denying the Department's motion.  We reverse.

The record establishes the following facts.  The New Hampshire Department of Health and Human Services (DHHS) employed the petitioner as an Operations Officer I, Labor Grade 20, until it laid him off on October 29, 2009.

The Department then placed the petitioner on its statewide reduction in force list (RIF List). At the time, Chapter 144:65, Laws 2009 (the 2009 Law) governed the rehiring of laid-off state employees. The Department used the RIF List to place qualified laid-off employees into state positions as they became vacant. The Department asserts that, since 1990, it has not interpreted the 2009 Law, or any of its predecessors, to allow a laid-off employee to be rehired into a promotion. The petitioner does not dispute this assertion on appeal.

After the petitioner was laid off, a Supervisor III, Labor Grade 23 position became available. According to the Department, no laid-off employees on the RIF List were eligible for the Supervisor III position; therefore, the Department released the position back to DHHS to be filled by an open-recruitment process. The petitioner applied for, and was eventually hired to fill, the Supervisor III position. He started working in that position on January 25, 2010. In August 2012, the petitioner requested that the Department restore his previously accumulated and unused sick leave, his prior seniority date, and his leave accrual rates, and that it reinstate his longevity pay.

The Department denied the petitioner's request. The petitioner then filed a petition for declaratory judgment and injunctive relief in superior court. He sought an injunction requiring the Department to recognize him as a "recalled employee," rather than a new hire, and to award him his requested benefits. The parties filed cross-motions for summary judgment.

The trial court first determined that the petitioner was a laid-off employee, and, thus, subject to the terms of the 2009 Law. See Laws 2009, 144:65. According to the trial court, the 2009 Law was "clear and unambiguous" and "required" the Department to place the petitioner into the open Supervisor III position since he met the position's minimum qualifications. The trial court also noted that there was "no limitation [in the 2009 Law] precluding promotions." The court determined that, as an employee required to be rehired into a promotion from the RIF List, the petitioner was also entitled to the benefits he sought pursuant to the applicable personnel rules. See N.H. Admin. Rules, Per 1101.06. Therefore, the court granted the petitioner's motion for summary judgment and denied the Department's motion. This appeal followed.

"In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law." Granite State Mgmt. & Res. v. City of Concord, 165 N.H. 277, 282 (2013) (quotation omitted). "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." Id.

2

(quotation omitted). "We review the trial court's application of the law to the facts <u>de novo</u>." <u>Cloutier v. State</u>, 163 N.H. 445, 451 (2012) (quotation omitted).

On appeal, the parties disagree about whether the petitioner was "recalled" or "rehired" into the Supervisor III position. The petitioner contends that, because he "returned to work performing his prior duties with the same employer," there is "no rational reason to find that he was not" recalled and, thus, entitled to the benefits of a recalled employee. <u>See</u> <u>N.H. Admin. Rules</u>, Per 1101.06. The Department counters that the petitioner was not recalled because there are "no facts in the record regarding recalling" the petitioner and because he was not hired into the same classification. The parties also dispute the trial court's interpretation of the 2009 Law.

Resolving these issues requires statutory and regulatory interpretation. We review the trial court's interpretation <u>de novo</u>. <u>See</u> <u>In the Matter of Martin & Martin</u>, 160 N.H. 645, 647 (2010). "We use the same principles of construction in interpreting administrative rules as we use with statutes." <u>Vector Mktg. Corp. v. N.H. Dep't of Revenue Admin.</u>, 156 N.H. 781, 783 (2008). "When construing statutes and administrative regulations, we first examine the language used, and, where possible, we ascribe the plain and ordinary meanings to words used." <u>N.H. Resident Ltd. Partners of Lyme Timber Co. v. N.H. Dep't of Revenue Admin.</u>, 162 N.H. 98, 101 (2011). "Words and phrases in a statute are construed according to the common and approved usage of the language unless from the statute it appears that a different meaning was intended." <u>Id</u>. (quotation omitted). "Additionally, we interpret disputed language of a statute or regulation in the context of the overall statutory or regulatory scheme and not in isolation." <u>Id</u>. "We seek to effectuate the overall legislative purpose and to avoid an absurd or unjust result." <u>Id</u>. We "can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." <u>Id</u>.

When a state employee is laid off, the employee can be re-employed either by being "recalled" or "rehired." <u>Compare</u> <u>N.H. Admin. Rules</u>, Per 1101.06 (governing recalled employees), <u>with</u> Laws 2009, 144:65 (applying to rehired employees). Recall applies "only to laid off employees or employees demoted in lieu of layoff who return to the same classification within the same agency." <u>N.H. Admin. Rules</u>, Per 1101.06(b). Recalled employees are entitled to benefits, including a restoration of their previously accumulated and unused balance of sick leave and an adjustment of their seniority date. <u>N.H. Admin. Rules</u>, Per 1101.06(c)-(e).

By contrast, laid-off state employees can be "rehired" pursuant to the 2009 Law. <u>See</u> Laws 2009, 144:65. Unlike the provisions governing recalled employees, the 2009 Law contains no limitation requiring rehired employees to return to the "same classification within the same agency." <u>Compare</u> <u>N.H. Admin. Rules</u>, Per 1101.06(b), <u>with</u> Laws 2009, 144:65. Thus, state employees

3

may be rehired into a different agency or classification. See N.H. Resident Ltd. Partners of Lyme Timber Co., 162 N.H. at 101 (stating that we cannot add words to the statute that the legislature did not see fit to include).

We agree with the Department that the petitioner was rehired and was not recalled. To be recalled, the petitioner would have had to return to a position in the same classification as the position he held prior to his lay off. See N.H. Admin. Rules, Per 1101.06(b). Determining the meaning of "classification" requires an interpretation of various interrelated rules.

The term "'[c]lassification'" is defined as "an orderly arrangement of all positions in the state classified service into separate and distinct classes so that each specific class contains those positions which involve similar duties and responsibilities." N.H. Admin. Rules, Per 102.17 (emphases added). A "'[c]lass'" is a "group of positions which have the same class specification and whose duties, responsibilities, and minimum qualifications are sufficiently similar so that the same schedule of compensation and the same tests of fitness can be applied to each position in the group." N.H. Admin. Rules, Per 102.13 (emphases added). "'Class specification'" is defined as the "written document containing the official title, basic purpose, characteristic duties, distinguishing factors, and the minimum qualifications of a specific class." N.H. Admin. Rules, Per 102.16. "'Compensation'" is "a schedule of pay . . . consisting of a minimum through maximum rate of pay for each class of positions, so that all positions within a specific class will be paid according to the same labor grade established for that class." N.H. Admin. Rules, Per 102.19 (emphasis added). Finally, "'[l]abor grade' means salary grade," N.H. Admin. Rules, Per 102.34, and "'[p]romotion' means the assignment of an employee to a position having a higher salary grade," N.H. Admin. Rules, Per 102.44.

Construing the plain language of these rules together, to be in the same classification requires an employee to be in the same class and hold the same class specification, meaning that the two classifications must have similar duties, responsibilities, and minimum qualifications. See N.H. Admin. Rules, Per 102.13, 102.16, 102.17. Additionally, to be considered the same, the two classifications must also contain the same class title and the same compensation based upon the same labor grade. See N.H. Admin. Rules, Per 102.13, 102.16, 102.19, 102.34, 102.44.

Instead of returning to his position as an Operations Officer I, Labor Grade 20, the petitioner was ultimately hired into a promotion as a Supervisor III, Labor Grade 23, at the same agency. Even assuming that the two positions had similar duties, responsibilities, and minimum qualifications, the Supervisor III position had a different title, labor grade, and salary as compared to his previous position. With such differences, the petitioner did not return to

4

the same classification, and, therefore, he was not recalled.  See N.H. Admin. Rules, Per 102.13-102.17, 102.19, 102.34, 102.44.

Because the petitioner was not recalled, we must determine the scope of the 2009 Law.  The Department argues that the trial court erred in concluding that the 2009 Law required it to rehire the petitioner from the RIF List, because it resulted in the petitioner's promotion.  The Department contends that the legislature did not intend the 2009 Law to require the rehire of laid-off state employees into promotions because to do so would violate the Department's longstanding practice and procedure of promoting employees based purely upon a merit system.  The Department argues that the doctrine of administrative gloss applies to the interpretation of the 2009 Law because the legislature has enacted rehiring provisions for the past twenty years, which have all contained language similar to the 2009 Law.  These laws have never been interpreted by the Department to allow a laid-off employee to receive a promotion upon rehire through the RIF List.  To interpret the 2009 Law to require such promotions would, according to the Department, lead to unjust and absurd consequences.

In response, the petitioner argues that the trial court properly interpreted the 2009 Law.  The petitioner further contends that the doctrine of administrative gloss does not apply because the 2009 Law is unambiguous. The petitioner also argues that the legislative history of the 2009 Law supports his contention that the statute does not preclude state employees from being rehired into positions that constitute promotions.

Entitled "Rehiring of Laid Off State Employees," the 2009 Law provides, in part:

> I. For purposes of this section, "laid off" means any person who receives written notice of the state's intent to lay him or her off or who is laid off between July 1, 2009 and June 30, 2010, as a result of reorganization or downsizing of state government.
>
> II. It is the intent of the general court that any position which becomes available in a department or establishment, as defined in RSA 9:1, shall be filled, if possible, by a state employee laid off, as defined in paragraph I, if such person is not currently employed by the state of New Hampshire and if he or she meets the minimum qualifications for the position.

Laws 2009, 144:65 (emphasis added).

We disagree with the trial court's interpretation of the 2009 Law and its conclusion that the statute is clear and unambiguous.  The statute is ambiguous because there is more than one reasonable interpretation of its

language.  See Union Leader Corp. v. N.H. Retirement Sys., 162 N.H. 673, 677 (2011).  The statute can be read, as the petitioner asserts, to mandate the rehiring of minimally qualified laid-off state employees as long as it is not impossible to do so and without regard to whether the rehiring results in a promotion.  See Petition of Kalar, 162 N.H. 314, 322 (2011) (noting that under the general rule of statutory construction, the word "shall" is "a command which requires mandatory enforcement" (quotation omitted)).  However, the statute can also be interpreted in the manner the Department suggests.  The Department contends that by including the phrase "if possible," the legislature "incorporated all other applicable laws, rules[,] and practices adopted by the Division of Personnel," including the "rules regarding the selection of candidates to ensure that any promotions are based on merit."  See N.H. Admin. Rules, Per 404.01, 501.03, 602.02, 602.03.

To resolve the ambiguity, we apply the doctrine of administrative gloss, which is a rule of statutory construction.  Petition of Kalar, 162 N.H. at 321-22.  "Administrative gloss is placed upon an ambiguous clause when those responsible for its implementation interpret the clause in a consistent manner and apply it to similarly situated applicants over a period of years without legislative interference."  Id. at 321 (quotation omitted).  "If an 'administrative gloss' is found to have been placed upon a clause, the agency may not change its de facto policy, in the absence of legislative action, because to do so would, presumably, violate legislative intent."  Id. (quotation omitted).

We agree with the Department that the doctrine of administrative gloss applies to the 2009 Law.  Similar rehiring provisions to the 2009 Law have been enacted by the legislature for decades.  See Laws 2007, 263:74; Laws 2005, 177:58; Laws 2003, 319:7; Laws 2001, 158:47; Laws 1999, 225:14; Laws 1997, 351:50; Laws 1995, 308:37; Laws 1993, 358:6; Laws 1991, 4:10; Laws 1990, 261:1.  The Department alleges, and the petitioner does not dispute, that the Department has always interpreted those provisions, including the 2009 Law, to preclude rehiring laid-off employees into promotions.

If the legislature had disagreed with the Department's longstanding interpretation, it could have altered the language of the 2009 Law accordingly.  Such a change did not occur.  Therefore, under the 2009 Law, the Department is not required to rehire laid-off employees from the RIF List into promotions, even if the employees meet the minimum qualifications for the position.

Nonetheless, the petitioner contends that the legislative history of the 2009 Law mandates the opposite conclusion.  The petitioner highlights the difference between the proposed and final versions of the 2009 Law.  As initially introduced, the 2009 Law provided:

> It is the intent of the general court that any position which
> becomes available in a department or establishment, as defined in

6

RSA 9:1, shall be filled, if possible, by a state employee laid off, as defined in paragraph I, if such person is not currently employed by the state of New Hampshire, if he or she meets the minimum qualifications for the position, <u>and if the laid off employee does not receive a promotion as a result of the rehire.</u>

HB 2, 2009 Leg. Sess. § 82 (N.H. 2009) (emphasis added). However, the emphasized language was later deleted, and the final version of the 2009 Law did not include that language. See Laws 2009, 144:65. According to the petitioner, this "supports an inference that the Legislature considered and rejected the adoption of the [Department's] longstanding practice of restricting rehires that result in promotions." The petitioner invites us to defer to that "legislative determination."

We decline the petitioner's invitation. The reasoning behind the legislature's failure to include the language regarding promotions in the 2009 Law is unclear, and the legislature's decision not to include that language does not undercut two decades worth of administrative gloss. Additionally, in 2011, the legislature adopted language similar to that proposed but not adopted in the final version of the 2009 Law. See Laws 2011, 224:205. Such subsequent history, though not controlling, may be considered when interpreting a statute. See Franklin v. Town of Newport, 151 N.H. 508, 512 (2004). Further, "[w]e have held that where a former statute is clarified by amendment, the amendment is strong evidence of the legislative intent concerning the original enactment." Blue Mountain Forest Ass'n v. Town of Croydon, 119 N.H. 202, 205 (1979). Because the later legislation here adopted the approach of the past administrative gloss to prohibit rehires from being promoted from the RIF List, such action further supports the application of administrative gloss to the present case. See id.

The petitioner also argues that we should reject the Department's interpretation of the 2009 Law to avoid an unjust and absurd result. We bear in mind the "fundamental principle" that "whenever possible, a statute will not be construed so as to lead to absurd consequences." Petition of Poulicakos, 160 N.H. 438, 444 (2010) (quotations and ellipsis omitted). "[A]s between a reasonable and unreasonable meaning of the language used, the reasonable meaning is to be adopted." Id. (quotation omitted).

Here, however, it is the petitioner's interpretation that could lead to absurd results. As the Department observes, it is unlikely that the legislature would intend to require that laid-off state employees be rehired into promotions simply because they were on the RIF List and met the minimum qualifications for the position. Though an employee may possess minimum qualifications, he or she may lack the requisite education, experience, or skills necessary to perform a job at a higher labor grade. The petitioner's interpretation would also disrupt the merit-based promotion system that has been in place in the

7

Department for years.  We, therefore, refrain from construing the 2009 Law as the petitioner urges us to do.

Because we have determined that the 2009 Law does not require the Department to rehire laid-off employees into promotions, we must also conclude that the trial court erred in determining that the petitioner was entitled to his previously accumulated and unused sick leave, an adjustment of his seniority date, and the other aforementioned benefits.  See N.H. Admin. Rules, Per 1101.06.

As previously discussed, the petitioner failed to qualify as a recalled employee, was not hired from the RIF List, and was not required to be hired from the RIF List because it would have resulted in his promotion.  Therefore, he was not entitled to those benefits.

Reversed.

HICKS, LYNN, and BASSETT, JJ., concurred.