# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0067, <u>Northern New England Telephone Operations LLC, d/b/a FairPoint Communications - NNE v. City of Concord</u>, the court on October 22, 2015, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The petitioner, Northern New England Telephone Operations, LLC d/b/a FairPoint Communications – NNE (FairPoint), appeals an order of the Superior Court (<u>McNamara</u>, J.) denying its summary judgment motion and granting that of the respondent, the City of Concord (City), on FairPoint's equal protection challenge to the City's taxation of FairPoint's use and occupation of public property. The order on appeal was issued after we vacated the trial court's prior order granting summary judgment to FairPoint on the same claim. <u>See</u> <u>N. New England Tel. Operations  v. City of Concord</u>, 166 N.H. 653, 654 (2014) (<u>FairPoint</u>). We affirm.

The relevant facts are derived from either the trial court's summary judgment order or our prior opinion. FairPoint maintains poles, wires, cables, and other equipment located within the City's public right-of-way so that it may provide telecommunications services in Concord. <u>Id</u>. at 654. For the 2000 through 2010 tax years, the City imposed a real estate tax upon FairPoint for its use and occupation of this public property (the right-of-way tax). <u>Id</u>.; <u>see</u> RSA 72:6 (2012). In addition to taxing FairPoint, the City taxed four other public utility companies during this same time period: Concord Electric Company, AT&T, Concord Steam, and Energy North.

The City did not impose the right-of-way tax upon Public Service Company of New Hampshire (PSNH) until 2008, when the City became aware that PSNH was using and occupying the public right-of-way.

The City also did not impose the right-of-way tax upon Comcast until 2010, even though Comcast used the public right-of-way, because the City "believed that any such tax would duplicate the tax assessed against the entity which owned the poles to which Comcast attached" and because it "also believed that [it] received substantial benefits through its franchise agreement with Comcast." <u>See</u> <u>FairPoint</u>, 166 N.H. at 654. In 2009, the New Hampshire Board of Tax and Land Appeals determined that Comcast, like FairPoint and the other public utilities, was subject to the right-of-way tax. <u>Id</u>. Thereafter, the City taxed Comcast for its use and occupation of the public right-of-way.

FairPoint subsequently brought an action challenging the constitutionality of the City's right-of-way tax assessments against it for the 2000 through 2010 tax years.  Id.  In its prior order, the trial court concluded that "intentionality" was not a required element of FairPoint's equal protection claim.  Id. (quotation omitted).  The court then decided that the City's "decision not to tax others similarly situated was not an exercise of judgment; rather, it was due to a misunderstanding of the law with respect to Comcast, and a misunderstanding of the facts" as it related to PSNH.  Id. at 654-55 (quotation omitted).  The trial court concluded that there was no "rational governmental interest in deciding not to tax entities" based upon such misunderstandings.  Id. at 655 (quotation omitted).  Accordingly, the court found in favor of FairPoint on its selective taxation claim.  Id.

The City appealed, and we vacated that order.  Id. at 654.  We decided that the trial court erred when it concluded that FairPoint did not have to show intentional discrimination to prevail upon its selective taxation claim.  Id. at 657-58.  We explained that, to prevail, FairPoint had to show that the claimed selective enforcement of the tax was a "<u>conscious, intentional discrimination</u>."  Id. at 657 (quotation and brackets omitted).  This required FairPoint to do more than demonstrate "mere errors of judgment by officials" or "that the enforcement was merely historically lax."  Id. (quotations omitted).  In addition, FairPoint had to demonstrate that the selection was "arbitrary or without some reasonable justification," and had to "negative every conceivable basis which might support the selection, whether or not the basis has a foundation in the record."  Id. (quotations omitted).  We specifically rejected FairPoint's argument that "an erroneous failure to tax one or more entities necessarily results in selective enforcement, and that such selection, <u>because</u> it was based merely upon an error, is arbitrary (<u>i.e.</u>, without rational basis)."  Id. at 658.  We held that "such errors in taxation, without intentional selection," do not "violate the equal protection rights of taxpayers."  Id.  Because the trial court applied the wrong legal standard, we vacated its decision and remanded for further proceedings.  Id. at 658-59.

On remand, FairPoint argued that, for tax years 2000 to 2009, the City "consciously decid[ed] to tax Fairpoint while [it] consciously decid[ed] not to tax Comcast," and, therefore, violated FairPoint's constitutional rights.  With regard to the 2010 tax year, FairPoint argued that the City "turned a blind eye toward, and remained deliberately indifferent to, the obvious risk that some users escaped taxation."  Accordingly, FairPoint asserted, the City's deliberate action taken on an arbitrary basis satisfied the intent requirement of FairPoint's selective tax enforcement claim.

The trial court rejected FairPoint's arguments.  With regard to tax years 2000 to 2009, the trial court determined that whatever discrimination means under FairPoint, "it plainly cannot mean 'errors of judgment,' which is all that FairPoint has shown here."  With regard to tax year 2010, the court found "no

2

authority" for FairPoint's assertion that "deliberate indifference satisfies the intent element" required by FairPoint. (Quotation omitted.) The court observed that the authority upon which FairPoint relied for this proposition involved municipal liability under 42 U.S.C. § 1983 (2012); FairPoint has not brought a claim under 42 U.S.C. § 1983. Ultimately, the trial court concluded that the City "did not, for good reason or for bad reason, single out FairPoint for taxation," and, thus, under our precedent, FairPoint's equal protection claim could not succeed. This appeal followed.

"In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law." Bovaird v. N.H. Dep't of Admin. Servs., 166 N.H. 755, 758 (2014) (quotation omitted). "If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment." Id. (quotation omitted). "We review the trial court's application of the law to the facts de novo." Id. (quotation omitted).

On appeal, FairPoint argues that "[t]he trial court erred as a matter of law in concluding that the undisputed factual record failed to establish a 'conscious, intentional discrimination' by [the City]." With respect to tax years 2000 to 2009, FairPoint contends that "[the City's] conscious decision to exclude Comcast . . . constitute[s] 'conscious, intentional discrimination' within the meaning of the State and Federal Equal Protection Clauses." But see FairPoint, 166 N.H. at 658 (rejecting FairPoint's argument that "an erroneous failure to tax one or more entities necessarily results in selective enforcement, and that such selection, because it was based merely upon an error, is arbitrary, i.e., without rational basis"). FairPoint asserts that its equal protection claim is a "class of one" claim, which, it contends, "does not require a singling out." But see Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601 (2008) (explaining a "class of one" equal protection claim as a claim that a plaintiff "has been irrationally singled out"); SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 33 (1st Cir. 2008) (a "class of one" equal protection claim is "a claim in which the plaintiffs do not claim membership in a class or group, but assert that the defendants impermissibly singled them out for unfavorable treatment").

With respect to all of the tax years "and in particular tax year 2010," FairPoint relies upon 42 U.S.C. § 1983 cases and asserts that the City's "deliberate indifference . . . rises to the level of intentional conduct and satisfies the intent requirement in selective tax enforcement claims."

As the appealing party, FairPoint has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our

3

review of the trial court's well-reasoned order, FairPoint's challenges to it, the record submitted on appeal, and the relevant law, we conclude that FairPoint has not demonstrated reversible error.  See id.

Affirmed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**

4