# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0362, <u>Lauren C. Shearer v. Town of Richmond</u>, the court on October 24, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The motion filed by the plaintiff, Lauren C. Shearer, to strike the brief filed by the defendant, the Town of Richmond (Town), is denied. The plaintiff appeals an order of the Superior Court (<u>Leonard</u>, J.) granting the Town's summary judgment motion on his complaint seeking the layout of a class V highway, <u>see</u> RSA 231:38 (2009), and denying his cross-motion for summary judgment. We reverse the grant of summary judgment to the Town and remand.

The following facts are undisputed. On June 7, 2021, the plaintiff filed a petition with the Town to lay out a class V highway. The Town scheduled a public hearing for November 17 and, in October, sent the plaintiff notice of the hearing. On November 5, the plaintiff filed the instant action in superior court, alleging that, under RSA 231:38, the Town had neglected to lay out the class V highway and petitioning the superior court to have the road laid out.

On November 15, the plaintiff emailed the Town, informing it that he would not be present at the November 17 hearing because the Town notified him of the public hearing only 29 days prior to the hearing, rather than 30 days as required by statute. <u>See</u> RSA 231:9 (2009). The Town thereafter cancelled the November 17 hearing, and provided notice on December 13, 2021 that it would hold the hearing on January 26, 2022. Following that hearing, the Board of Selectmen (Board) issued a written decision on March 3, 2022, denying the plaintiff's petition.

Meanwhile, on January 11, 2022, the Town filed a motion for summary judgment in the superior court case that the plaintiff filed in November 2021. On February 10, 2022, the plaintiff filed a cross-motion for summary judgment. On March 8, 2022, following the Town's denial of the plaintiff's June 7, 2021 petition, the Town filed a supplemental affidavit containing the Board's decision. In addition, the Town filed an objection to the plaintiff's cross-motion in which it asserted that "[t]o the extent Plaintiff seeks affirmative relief of a finding of 'neglect' or 'refusal,' [the Town] objects . . . . Moreover, Plaintiff has failed to demonstrate a material factual dispute on the issue of neglect or refusal."

By order dated May 2, 2022, the trial court granted the Town's motion for summary judgment and denied the plaintiff's cross-motion. In its recitation of

the facts, the court noted that the Town had rescheduled the hearing on the plaintiff's petition to lay out the road for January 26, 2022, but the court did not note that the Board had issued a decision in March 2022 denying that petition. The court then undertook a detailed analysis as to whether the Town neglected the plaintiff's petition, ruling that the Town did not do so. In the final paragraph of its analysis, the court stated: "In conclusion, the Court finds as a matter of law the Town did not neglect <u>or refuse</u> [the plaintiff's] petition. Therefore, because RSA 231:38, I only gives the Superior Court the power to determine whether occasion exists if the Town refused or neglected a petition, the Court does not have the power to hear [the plaintiff's] petition." (Emphasis added.)

The plaintiff filed a motion to reconsider, arguing that the trial court had overlooked the March 2022 decision of the Board denying his June 7, 2021 petition to lay out the road. The plaintiff contended: "Given that the Town was petitioned to layout a road, and after the Town's process, per the Return, no road was laid out, the Town has formally refused to lay out the road." Therefore, the plaintiff concluded, the court had "authority to consider the Petition relief sought by Plaintiff under RSA 231:38, I, via the Town's refusal to lay out the road." (Footnote omitted.) The trial court denied the motion, stating: "The Court did not overlook or misapprehend any points of law or facts." This appeal followed.

In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. <u>Bovaird v. N.H. Dep't of Admin. Servs.</u>, 166 N.H. 755, 758 (2014). If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment. <u>Id.</u> We review the trial court's statutory interpretation and its application of the law to the facts <u>de novo</u>. <u>See id.</u>

The plaintiff argues that the trial court erred when it concluded it lacked jurisdiction under RSA 231:38. The statute provides:

> Petitions for laying out or altering class IV, V or VI highways may be filed in the office of the clerk of the superior court in the following cases:
>
> I. When selectmen <u>have neglected or refused to lay out</u> or alter the highway;
>
> II. When having been laid out by the selectmen, it is discontinued by the town within 2 years thereafter.

RSA 231:38 (emphasis added). On appeal, the plaintiff asserts that the trial

court had jurisdiction on the grounds that the Town both neglected and refused "to lay out . . . the highway."  RSA 231:38, I.

We begin by assessing the plaintiff's argument that the trial court had jurisdiction because the Town refused to lay out the highway.  The plaintiff argues that the Board's decision to deny his petition on March 3, 2022 constitutes a "refusal" within the meaning of RSA 231:38, I.  The Town counters that the plaintiff failed to preserve this argument, the Board's decision to deny his petition does not constitute a "refusal" to lay out the road, and the plaintiff's argument is foreclosed by the time limit contained in RSA 231:34.

We are not persuaded by the Town's assertion that the plaintiff's refusal argument is unpreserved.  The Town correctly observes that the plaintiff alleged in his complaint only that the Town neglected to lay out the highway, not that the Town refused to do so.  The plaintiff alleged for the first time in his motion for reconsideration that the Town refused to lay out the road.  However, the basis for the plaintiff's argument that the Town refused to lay out the road was the denial by the Town of his petition in March 2022 — obviously, the plaintiff could not have made this claim in his complaint, which was filed in November 2021.  Furthermore, prior to the trial court's decision, the Town itself filed a supplemental affidavit averring that the Board denied the plaintiff's petition in March 2022 and addressed the issue of refusal in its objection to the plaintiff's cross-motion, contending that there was no material factual dispute on the issue of refusal and that the Town was entitled to summary judgment on that issue. Finally, although the trial court did not set forth its analysis on the issue, it ruled that, as a matter of law, the Town did not refuse the plaintiff's petition.

Although we recognize our long-standing rule that parties may not have judicial review of matters not raised at the earliest possible time, the rationale behind the rule is that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court.  State v. Tselios, 134 N.H. 405, 407 (1991).  Here, the trial court had an opportunity to consider and rule on the issue of "refusal": the Town raised the issue in its pleadings and filed an affidavit informing the trial court of the Board's vote denying the petition; the court ruled that the Town did not refuse the plaintiff's petition; the plaintiff raised the issue of refusal in his motion for reconsideration; and the court denied the motion, stating that it had not overlooked or misapprehended any points of law or facts.

The Town argues that the plaintiff was required to move to amend his complaint "to add a new substantive claim" of refusal after the Board's denial of his petition.  It asserts that, by raising refusal in his motion for reconsideration, the plaintiff improperly attempted to "add new claims, advance new arguments or add new evidence."  We disagree.  In the plaintiff's motion for reconsideration, he neither raised a new issue that had not been considered by the trial court nor inserted new facts not previously before the trial court.  Rather, the plaintiff

3

argued that the court had overlooked the affidavit filed by the Town that contained the Board's denial of his petition, noting that the court had not mentioned it in its order.[1]  To find the argument unpreserved simply because the plaintiff did not formally amend his complaint after the Board's denial would undermine the fundamental principle that, in New Hampshire, a party should not lose a case on a "procedural technicality."  In re Proposed Rules of Civil Procedure, 139 N.H. 512, 515 (1995) (quotation omitted).  Indeed, the issue having been addressed by the Town in its pleadings without objection, raised by the plaintiff in his motion for reconsideration, and decided by the court in its orders, the plaintiff's complaint may be considered to have been constructively amended to include it.  See Miller v. Slania Enters., 150 N.H. 655, 659 (2004); see also State v. Homo, 132 N.H. 514, 516 (1989).  We fail to see any unfair prejudice to the Town resulting from the constructive amendment.  See In the Matter of Greenberg & Greenberg, 174 N.H. 168, 175-76 (2021).

We now turn to the question of whether the Board's denial of the plaintiff's petition constituted a refusal sufficient to vest the superior court with jurisdiction under RSA 231:38, I.  Resolving this issue requires statutory interpretation.  We first examine the statutory language, and where possible, we ascribe the plain and ordinary meanings to the words used.  Bovaird, 166 N.H. at 758.

RSA 231:38, I, authorizes the filing in superior court of a petition to lay out a class IV, V, or VI highway "[w]hen selectmen have neglected or refused to lay out or alter the highway."  The plain meaning of "refuse" is to "indicate or show that one is not willing to do something," to "indicate that one is not willing to accept or grant (something offered or requested)."  New Oxford American Dictionary 1468 (3d ed. 2010); see Webster's Third New International Dictionary 1910 (unabridged ed. 2002) ("to show or express a positive unwillingness to do or comply with," "DENY").  Here, the plaintiff petitioned the Board to lay out a class V highway.  The Board showed its unwillingness to comply with the plaintiff's request to lay out the class V highway by denying his petition.  Thus, ascribing the plain and ordinary meaning to the word, we conclude that the Board "refused" to lay out the highway.

We have previously characterized a municipality's denial of a petition to lay out a road as a refusal under RSA 231:38, I.  For example, in Crowley v.

---

[1] Significantly, the trial court did not deny the plaintiff's motion to reconsider on the grounds asserted here by the Town — that is, the trial court did not rule that the plaintiff was improperly attempting to "add new claims, advance new arguments or add new evidence."  Nor did the court rule, as the Town argued in its objection to the plaintiff's motion to reconsider, that the plaintiff was "through sleight of hand," asserting for the first time an appeal under RSA 231:34 rather than making the legal argument that the Town had "refused" to lay out the road within the meaning of RSA 231:38, I.  The trial court concluded that the plaintiff failed to demonstrate that the court had overlooked or misapprehended any points of law or facts.  Thus, it is clear that the trial court rejected the plaintiff's "refusal" argument on the merits.

<u>Town of Loudon</u>, 162 N.H. 768, 770-71 (2011), the plaintiffs petitioned the town to accept Green View Drive as a town road. We explained that after the town denied the petition, the plaintiffs then "petitioned the superior court to lay out Green View Drive as a public road. <u>See</u> RSA 231:38, I." <u>Crowley</u>, 162 N.H. at 771. We further explained that upon petition, a town will lay out roads when there is an "occasion" to do so. <u>Id</u>. at 773. Assessing "occasion" requires the selectboard to balance the public need for the road against the burden the road will impose on the town. <u>Id</u>. We then stated, again citing RSA 231:38, I, that "[i]f a town <u>refuses</u> to lay out a road, the trial court may be petitioned to do so." <u>Id</u>. (emphasis added); <u>see also</u> <u>Graves v. Town of Hampton</u>, No. 2017-0451 (non-precedential order at 3), 2018 WL 3237957 (N.H. June 21, 2018) (after selectboard denied petition to lay out a class V highway, plaintiffs appealed to superior court for <u>de</u> <u>novo</u> review; supreme court's analysis explains that a plaintiff may petition superior court when town "refuses to lay out a road," citing RSA 231:38). We see no reason why the instant case should be treated differently.

Finally, we briefly address the Town's argument that, because the Board's denial of the petition was not a "refusal" under RSA 231:38, I, the "proper avenue of redress was an appeal under RSA 231:34" and that the plaintiff failed to file an appeal to the superior court within the 60-day time limit required by that statute. We disagree with the premise of the Town's argument. As explained above, the Board's denial of the petition constituted a "refusal" under RSA 231:38, I, and, therefore, the plaintiff was not required to seek redress pursuant to RSA 231:34.

Because we conclude that the Board's vote to deny the plaintiff's petition constituted a refusal to lay out the road under RSA 231:38, I, we need not reach the parties' arguments concerning "neglect" of the petition, and therefore we do not disturb the trial court's denial of the plaintiff's cross-motion for summary judgment. Accordingly, we conclude that the trial court erred when it granted the Town's motion for summary judgment. We reverse the grant of summary judgment and remand.

<u>Reversed in part and remanded</u>.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas, Clerk**

5