# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2023-0449, <u>John Doe v. Department of Justice & a.</u>, the court on December 3, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, John Doe, appeals an order of the Superior Court (<u>Leonard</u>, J.) granting summary judgment in favor of the New Hampshire Department of Justice (DOJ) in the plaintiff's action seeking declaratory judgment under RSA 105:13-d (2023) and injunctive relief to have his name removed from the Exculpatory Evidence Schedule (EES). We conclude that, as a matter of law, the plaintiff's conduct does not constitute potentially exculpatory evidence for purposes of the EES. <u>See</u> RSA 105:13-d. Accordingly, we reverse and remand.

The following facts are taken from the trial court's order or are otherwise supported by the record. In 2013, the plaintiff, who worked as a police officer, was informed that a complaint had been made regarding his conduct during an off-duty incident. The plaintiff discussed the complaint with another officer, who then wrote a letter to the officer assigned to investigate the complaint, apprising him of his conversation with the plaintiff. Later that day, the investigating officer delivered a letter to the plaintiff notifying him that the officer would be conducting a formal investigation.

During a subsequent interview, when the investigating officer asked the plaintiff when he had first learned of the investigation, the plaintiff "verbally stumbled with a response" and gestured to the department's mail slots. He then said "from your . . . letter advising of the complaint." Based upon this response, the investigating officer determined that the plaintiff had been untruthful. Specifically, the investigating officer found that the plaintiff knew a complaint had been made prior to receiving the investigating officer's letter and that the plaintiff "displayed an uneasiness and delay during this response that would be indicative of deception."

The investigating officer issued, as relevant here, a finding of misconduct based not upon the initial complaint, but upon his conclusion that the plaintiff had lied during the internal investigation, which violated department rules relating to truthfulness. As a result, the investigating officer recommended that the plaintiff's employment be terminated. The investigating officer also observed that the plaintiff's dishonesty during the internal investigation would "be an issue that would require disclosure in any case [in which the plaintiff] is

a witness." The chief responded to the investigating officer's report by explaining that a family member of his had informed the plaintiff of the investigation before the investigating officer delivered the letter to the plaintiff. According to the chief, this circumstance may have led to the plaintiff's hesitation when questioned about when he learned of the investigation. Approximately one month later, the plaintiff resigned from the department.

In a separate matter in 2014, a county attorney brought the details of this internal investigation before the circuit court. The court issued a sealed order concluding, in relevant part, that there was "substantial dispute as to the basis for the finding" made in the internal investigation and, "provided no further concerns [are] raised, Laurie disclosures involving [the plaintiff] as a witness are not necessary."[1] In March 2021, a county attorney requested that the DOJ remove the plaintiff's name from the EES, citing the 2014 court order. The DOJ denied the request, explaining that the circuit court's order "does not meet the EES removal requirements since the sustained disciplinary finding against [the plaintiff] was not overturned" and that the court's decision "was limited to deciding an evidentiary issue in the particular case before it."

On September 27, 2021, the plaintiff, who was then employed as a police officer in another town, received a letter from the DOJ notifying him that his name was added to the EES on December 4, 2018 by both the police department where he was currently employed and the police department where he was formerly employed. Thereafter, the plaintiff filed a complaint in superior court pursuant to RSA 105:13-d naming both police departments as defendants. He later added the DOJ as a party as required by the statute. See RSA 105:13-d, II(c).

The plaintiff subsequently moved for summary judgment "for a determination and for injunctive relief that he should not be included on the Exculpatory Evidence Schedule." In his motion, the plaintiff argued that: (1) neither his current nor his former police department submitted his name for inclusion on the EES; (2) the 2014 circuit court order already determined that the 2013 internal investigation "does not give rise to a disclosure obligation"; and (3) he was not afforded adequate due process prior to being notified in 2021 that his name was added to the EES in 2018. The DOJ objected and cross-moved for summary judgment. The trial court denied the plaintiff's motion and granted the DOJ's cross-motion, concluding that its ruling was not precluded by the 2014 circuit court order and that the plaintiff had received

---

[1] See Duchesne v. Hillsborough County Attorney, 167 N.H. 774, 777 (2015) (explaining that the "Laurie List" arose from the "well-recognized proposition that, in a criminal case, the State is obligated to disclose information favorable to the defendant that is material to either guilt or to punishment"). See generally State v. Laurie, 139 N.H. 325 (1995).

sufficient due process. The plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

When reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. Bovaird v. N.H. Dep't of Admin. Servs., 166 N.H. 755, 758 (2014). If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Id. An issue of fact is material if it affects the outcome of the litigation. Porter v. City of Manchester, 155 N.H. 149, 153 (2007). We review the trial court's application of the law to the facts de novo. Bovaird, 166 N.H. at 758.

RSA 105:13-d, I, provides that:

The [DOJ] may voluntarily maintain an [EES]. The [EES] shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence. Subject to the provisions of this section, the [EES] may be maintained by the [DOJ] and shall be a public record subject to RSA 91-A.

We recently determined that, "within the context of RSA 105:13-d, 'potentially exculpatory evidence' is evidence, including impeachment evidence, that is reasonably capable of being material to guilt or to punishment." Doe v. N.H. Attorney Gen. (Activity Logs), 176 N.H. ___, ___ (2024), 2024 N.H. 50, ¶18. Although we noted that "the question of whether evidence is appropriate for inclusion on the EES is separate from the question of whether that evidence would be admissible in a criminal proceeding," we explained that "considerations made to determine the admissibility of evidence, such as the age of the conduct and its materiality to an officer's general credibility, should factor into the determination of whether information in an officer's personnel file warrants his or her inclusion on the EES." Id. at ___, 2024 N.H. 50, ¶20. "If there is no reasonably foreseeable case in which 'potentially exculpatory evidence' relating to an officer's conduct would be admissible," an officer's inclusion on the EES is not warranted. Id. at ___, 2024 N.H. 50, ¶20.

We first consider whether the court erred in denying the plaintiff's motion for summary judgment and determining that the plaintiff's conduct during the 2013 internal investigation is potentially exculpatory. The plaintiff maintains that, although he was aware that a complaint had been made against him, he truthfully told the investigator that he only learned of the internal investigation when he "was formally apprised of it in writing." The

3

DOJ asserts that the plaintiff's argument lacks merit because RSA 105:13-d does not authorize de novo review of the conduct alleged in the internal investigation, and there is no dispute of fact as to whether the plaintiff was dishonest during the 2013 investigation.

To resolve this dispute, we must determine whether the internal investigation report and accompanying documentation support a conclusion that the plaintiff's conduct is "potentially exculpatory," RSA 105:13-d, I. At issue are two letters sent on the same day — one advising the plaintiff that he was the subject of an internal investigation, and the other notifying the investigating officer that the plaintiff "heard the Chief was given a written complaint" — and the plaintiff's subsequent interview statements regarding those letters. The plaintiff claims that, although he told the investigating officer that he had spoken with another officer regarding the complaint, "he was honest in answering that he only became aware of the investigation when he was formally apprised of it in writing."

We agree with the plaintiff that it is unclear whether the investigating officer asked him when he first learned of the complaint or when he first learned of the investigation. In the final report, the investigating officer stated that he asked the plaintiff "when he first knew about this investigation." (Emphasis added.) Elsewhere in the report, however, the investigating officer characterized the question differently, noting that, "[d]uring this response, about when he first heard of this complaint, [the plaintiff] became uneasy shifting in his seat and breaking eye contact." (Emphasis added.) Without knowing the question the plaintiff was asked, there is inadequate information upon which to determine whether the plaintiff's response was truthful.

In any event, we are not persuaded that, under the unique facts of this case, any alleged untruthfulness regarding when the plaintiff first learned about the complaint or investigation is sufficiently material to the plaintiff's credibility to merit placement on the EES. The investigating officer did not find that the plaintiff's interview responses were deliberately deceitful, and he made no conclusion as to whether the plaintiff responded untruthfully regarding the substance of the complaint that led to the investigation. The conduct at issue here is distinguishable from cases in which we have determined that information in an officer's personnel file is potentially exculpatory. See Gantert v. City of Rochester, 168 N.H. 640, 643, 650 (2016) (providing answers on Lethality Assessment Protocol "that he knew he had no basis to believe were true" reflected on plaintiff's general credibility); State v. Laurie, 139 N.H. 325, 331 (1995) (evidence of detective's long-demonstrated history of lies, deception, and incompetency "plainly would have been useful to the defendant upon cross-examination"). Here, although the plaintiff's interview response reflects his hesitation to reveal information he learned from outside the department, it is not sufficiently relevant to his character for truthfulness to warrant his

4

inclusion on the EES.  See N.H. Attorney Gen. (Activity Logs), 176 N.H. at ___, 2024 N.H. 50, ¶¶ 18, 20 (noting that "materiality to an officer's general credibility . . . should factor into the determination of whether information in an officer's personnel file warrants his or her inclusion on the EES").

For the foregoing reasons, we conclude that the trial court erred in denying the plaintiff's motion for summary judgment and granting the DOJ's cross-motion for summary judgment.  Because the information in the plaintiff's personnel file relating to the 2013 internal investigation is not "potentially exculpatory," the plaintiff's inclusion on the EES is not warranted.  See RSA 105:13-d.  In light of our decision, we need not address the parties' remaining arguments.  See Dionne v. City of Manchester, 134 N.H. 225, 230 (1991) (declining to address parties' other remaining arguments when holding on one issue is dispositive).

Reversed and remanded.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**