# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0700, <u>John Doe v. Town of Lisbon & a.</u>, the court on July 2, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(3). The plaintiff, John Doe, appeals an order from the Superior Court (<u>MacLeod</u>, J.) granting the cross-motion for summary judgment filed by the defendants, the Town of Lisbon (Town) and the New Hampshire Department of Justice (DOJ). The plaintiff argues that the trial court erred because he did not receive sufficient procedural due process in the Town prior to his name being added to the Exculpatory Evidence Schedule (EES) pursuant to RSA 105:13-d (2023). He further argues that the trial court erred because it made a factual finding without support in the record. He also asserts that the conduct referenced in his personnel file is not potentially exculpatory within the meaning of RSA 105:13-d. We conclude that the plaintiff did not receive adequate due process. Additionally, because we recently announced a new standard for determining whether an officer's conduct is potentially exculpatory, on remand, the trial court shall apply the new standard. We vacate and remand.

The following facts are supported by the record or are undisputed. <u>See City of Manchester v. Bellenoit</u>, 176 N.H. 608, 611 (2024). In October 2020, while employed as a police officer for the Town, the plaintiff was ordered by the Chief of Police of the Town to take a physical fitness test. The plaintiff took the test at another department, without obtaining authorization. The plaintiff thereafter falsely told a Sergeant that he was not required to attend the test ordered by the Chief because, <u>with the Chief's approval</u>, he had taken the test at another department.

An internal investigation was opened to determine if the plaintiff had violated department policies. The plaintiff was interviewed during the internal investigation. The findings of the investigation were documented in a report. After reviewing the report, the Chief recommended that the Board of Selectmen of the Town take disciplinary action. The plaintiff appeared before the Board in a non-public session. Based on the Chief's recommendation, the factual findings of the investigation, and the Board's meeting with the plaintiff, the Board terminated the plaintiff's employment. During the disciplinary process, the plaintiff was not notified that his name was being considered for placement on the EES.

In January 2021, on the same day as the plaintiff's termination, the Chief sent a letter to the DOJ stating that a "determination has been made" that the plaintiff's name should be added to the EES. Cf. RSA 105:13-d, I (providing that "[t]he [DOJ] may voluntarily maintain an [EES]" which "shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence").[1] The plaintiff was notified of his EES placement in October 2021.

In 2022, the plaintiff filed a complaint in superior court seeking to have his name removed from the EES. The plaintiff and the defendants filed cross-motions for summary judgment. The plaintiff argued that he was entitled to removal from the EES for several reasons, including that he did not receive sufficient due process prior to being placed on the EES.

The trial court granted the defendants' motion. The court ruled that the plaintiff's procedural due process rights had not been violated because the internal investigation during the disciplinary process was sufficient to satisfy his due process rights. Specifically, the court found that the plaintiff's participation in the internal investigation and the hearing before the Board, followed by "[the Chief's] determin[ation] that the alleged conduct was potentially exculpatory," was sufficient to satisfy the plaintiff's due process rights. The court concluded that it was "highly improbable that the plaintiff experienced an erroneous deprivation of his private interest by the exclusion of a separate, independent hearing," and that requiring another investigation into the plaintiff's EES placement would be duplicative. The court ruled that the plaintiff's conduct was potentially exculpatory and justified his placement on the EES. The plaintiff moved for reconsideration. The trial court denied the motion. This appeal followed.

In reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law. Bovaird v. N.H. Dep't of Admin. Servs., 166 N.H. 755, 758 (2014). If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment. Id. We review the trial court's application of the law to the facts de novo. Id.

On appeal, the plaintiff argues that his conduct is not potentially exculpatory under the meaning of RSA 105:13-d. He also argues that, because

---

[1] The Chief stated under oath during discovery in this case that the Town did not make the EES determination because that responsibility belongs to the county attorney. The county attorney denied making the EES determination. The DOJ also denied making that determination, maintaining that its role in maintaining the EES is merely administrative.

he did not receive notice or a hearing regarding the determination that his personnel file contained potentially exculpatory evidence prior to being placed on the EES, he did not receive sufficient procedural due process. The plaintiff additionally argues that the trial court erred when it made the factual finding, not supported by the record, that the Chief determined that the plaintiff's name should be added to the EES. The defendants counter that the trial court's merits ruling was not erroneous. The defendants also argue that the process that the plaintiff received was constitutionally sufficient.

First, we note that the trial court's ruling in this case preceded our decision in Doe v. New Hampshire Attorney General (Activity Logs), 176 N.H. 806, 815-16 (2024), 2024 N.H. 50, ¶¶20, 22, 24, in which we announced a new standard for determining when an officer's conduct is potentially exculpatory for the purposes of RSA 105:13-d. Accordingly, we vacate and remand for the trial court to apply this new standard in the first instance.

We next address the parties' arguments regarding what pre-placement process was due. The defendants argue that the process the plaintiff received was sufficient because it is "virtually identical" to the process that we found constitutionally sufficient in Gantert. See Gantert v. City of Rochester, 168 N.H. 640, 643-44, 649-50 (2016). Citing Gantert, the defendants additionally argue that when an officer has received due process as to the facts leading to his placement on the EES — such as during a disciplinary hearing — due process does not require that a separate hearing be held to enable the officer to challenge his or her placement on the EES. The defendants' reliance on Gantert is misplaced. Unlike in this case, in Gantert the officer was given pre-placement notice that he was being considered for inclusion on the EES and, before his name was added to the list, was offered the opportunity to meet with the Chief of Police to discuss that determination. See id. at 644, 649-50. Accordingly, the facts of this case are not "virtually identical" to those of Gantert. Moreover, Gantert does not address the question as to whether a pre-placement disciplinary hearing — without notice to the officer that he or she is being considered for placement on the EES — provides an officer with sufficient procedural due process prior to placement of his or her name on the EES. See id.

Having concluded that Gantert does not control, we turn to the plaintiff's argument that he did not receive sufficient procedural due process prior to being placed on the EES. Under RSA 105:13-d, the issue is whether the plaintiff received adequate due process with respect to the conclusion that he engaged in potentially exculpatory conduct. RSA 105:13-d. Under the circumstances of this case, we cannot conclude, as a matter of law, that the process was adequate. On remand, we leave it to the trial court to determine the nature and scope of any further proceedings. See id.

3

In sum, we vacate the trial court's order granting the defendants' cross-motion for summary judgment and remand for further proceedings consistent with this order.  Because we remand for the trial court to consider whether further factfinding is warranted, we need not address the parties' remaining arguments.  See In the Matter of Gordon and Gordon, 147 N.H. 693, 700 (2002) (declining to address party's arguments because the case was remanded for further findings).

Vacated and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**