NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Liquor Commission
Case No. 2024-0531
Citation: Appeal of Tower Hill Tavern, LLC, 2025 N.H. 41

APPEAL OF TOWER HILL TAVERN, LLC
(New Hampshire Liquor Commission)

Argued: May 6, 2025
Opinion Issued: September 12, 2025

Shaheen & Gordon, P.A., of Concord (William E. Christie and James J. Armillay, Jr. on the brief, and William E. Christie orally), for the petitioner.

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Mary A. Triick, assistant attorney general, on the memorandum of law and orally), for the New Hampshire Liquor Commission.

MACDONALD, C.J.

[¶1] The petitioner, Tower Hill Tavern, LLC (Tower Hill), appeals an order of the New Hampshire Liquor Commission (commission) imposing a $5,000 fine and revoking Tower Hill's liquor license based on overservice of a patron. The principal question before us is whether there was sufficient evidence that Tower Hill "serve[d] an individual . . . who a reasonable and prudent person would know is intoxicated." RSA 179:5, I (2022). Because we determine that

the evidence was insufficient to establish a violation of the statute, we reverse and remand.

## I.     Background

[¶2] The following facts are supported by the record.  At approximately 11:00 p.m. on June 10, 2023, T.A. and her friends arrived at Tower Hill, a bar in Laconia.  Earlier that evening they had spent time at two other bars in Laconia where they consumed alcoholic drinks.  At Tower Hill, they had drinks together at the upstairs bar.  At some point, T.A. stated that she did not feel well and walked away.  T.A.'s friends searched for her in the upstairs area and on an outside deck, and found her outside the building seated on a chair, vomiting, accompanied by a Laconia police officer.  T.A. was then transported to the hospital at 12:50 a.m. on June 11, where she was treated for alcohol poisoning.

[¶3] The commission opened an enforcement investigation into the incident.  On February 8, 2024, Tower Hill was served with an Administrative Notice alleging a violation of RSA 179:5 for serving "an alcoholic beverage, to wit, four Blueberry [Vodkas], to an individual, [T.A.,] . . . who a reasonable and prudent person would know was intoxicated."  A hearing was held on May 21. The investigator testified at the hearing that he interviewed two of T.A.'s friends who were with her at Tower Hill.  They reported that T.A. drank "[a]bout four" "vodka blueberries."  One of the friends reported that "on a scale of 1 to 10, with 1 being sober and 10 being highly intoxicated," T.A. "was a four."  When asked by the investigator if she felt the bar should have stopped serving T.A., she stated, "no, [T.A.] was fine at the bar" and "was standing the entire time."

[¶4] The investigator did not interview any of the bartenders working that night who would have served drinks to T.A.  The investigator testified that he issued the Administrative Notice against Tower Hill for overservice of T.A. "based off the witness statements that were provided, the four blueberry vodkas that had been consumed . . . which a reasonable and prudent person would know that an individual is intoxicated based off the rate of time, from the 1 hour 40 minutes, and because [T.A.] was transported to the hospital."

[¶5] On June 18, the presiding officer issued his decision that Tower Hill violated RSA 179:5 because "a reasonable and prudent person would know [T.A.] is intoxicated when she is served five alcoholic beverages in less than an hour" or, alternatively, even if "the number of drinks is four and the time is more than an hour."  The commission subsequently denied Tower Hill's petition for rehearing.  This appeal followed.  We stayed the commission's order pending resolution of the appeal.

2

II.    Analysis

[¶6] On appeal, Tower Hill argues that the commission's decision that Tower Hill violated RSA 179:5 is legally erroneous because there is insufficient evidence that Tower Hill "knew or reasonably should have known at the time of service that [T.A.] was intoxicated." The commission concedes that "there is no record evidence" that Tower Hill was aware of T.A.'s alleged level of intoxication while being served but argues that such evidence "is unnecessary." Rather, the commission asserts, because the ensuing investigation supported the conclusion that T.A. consumed five alcoholic drinks within approximately one hour, the evidence was sufficient to support a violation of the statute. We agree with Tower Hill.

[¶7] Our review of the commission's decision is governed by RSA 541:13 (2021). See Appeal of Baldoumas Enters., 149 N.H. 736, 737 (2003). Accordingly, we will reverse the commission only if it made an error of law or if we are satisfied, by a clear preponderance of the evidence, that its order was unjust or unreasonable. Id. The commission's findings of fact are presumed lawful and reasonable. See RSA 541:13.

[¶8] We review the commission's statutory interpretation de novo. See Appeal of Town of Seabrook, 163 N.H. 635, 644 (2012). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. St. Onge v. Oberten, LLC, 174 N.H. 393, 395 (2021). We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also construe all parts of a statute together to effectuate its overall purpose. Id. However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id.

[¶9] RSA 179:5, I, provides that "[n]o licensee . . . shall . . . serve an individual who is visibly intoxicated or who a reasonable and prudent person would know is intoxicated." The hearing officer found, and the commission does not dispute on appeal, that T.A. was not visibly intoxicated. In the absence of visible intoxication, the statute sets forth an objective standard by which to determine a licensee's liability: whether a reasonable and prudent licensee would have known when it served a patron that the patron was intoxicated. See id. By its plain language, that objective standard applies at the time of service. See id. ("No licensee . . . shall . . . serve an individual who is visibly intoxicated or who a reasonable and prudent person would know is intoxicated." (emphasis added)). Thus, to prove a violation of the statute, there must be some evidence that a reasonable and prudent licensee would have known that the patron was intoxicated when she was served. See id.

3

[¶10] The hearing officer found that a reasonable and prudent person would know T.A. was intoxicated because she was served five alcoholic beverages in less than an hour.  Because a violation of this variant of RSA 179:5, I, depends on this objective standard at the time of service, there must be some evidence of what knowledge the person serving the alcohol had or what information was available to the server at the time of service to prove a violation.  See id.  Here, the investigator did not interview the servers.  The commission did not otherwise present any evidence of what the servers knew, or what information they had available to them to determine what they would have known, about T.A.'s level of intoxication at the time of service.  The commission argues that "[a] reasonable and prudent establishment would know to whom they are providing alcohol and in what quantities."  We need not decide whether the record is sufficient to support that the servers knew or would have known at the time of service that T.A. had been served five alcoholic beverages in less than an hour.  That fact is, alone, insufficient to prove that a reasonable and prudent person would know T.A. was intoxicated.  Cf. Burns v. Bradley, 120 N.H. 542, 544-45 (1980) (holding that the fact the plaintiff "had seven drinks at the [defendants' establishment]," standing alone, was insufficient to prove that the defendants breached their duty to refrain from serving liquor to the plaintiff while he was intoxicated).

[¶11] Without any additional evidence relevant to the time of service, such as the amount of alcohol in each drink, the patron's physical stature, expert testimony about how a similar individual might have reacted to the amount of alcohol consumed, visible signs of intoxication, or information communicated or otherwise available to the servers about the patron's level of intoxication, the commission failed to establish a violation of RSA 179:5, I.  Cf. Currier v. Newport Lodge No. 1236, 589 F. Supp. 3d 210, 222 (D.N.H. 2022).  Accordingly, we reverse and remand for further proceedings consistent with this decision.  See N.H. Admin. R., Liq 205.32(c) ("If the violation was not proven, the presiding officer shall issue a commission order that the licensee's violation history be cleared of the allegation.").  Given this conclusion, we need not address the parties' remaining arguments.  See Antosz v. Allain, 163 N.H. 298, 302 (2012) (declining to address parties' other arguments where holding on one issue was dispositive).

Reversed and remanded.

DONOVAN and COUNTWAY, JJ., concurred.

4