NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Board of Education
Case No. 2024-0445
Citation: Appeal of Pittsfield Sch. Dist., 2025 N.H. 46

APPEAL OF PITTSFIELD SCHOOL DISTRICT
(New Hampshire Board of Education)

Submitted: September 16, 2025
Opinion Issued: October 17, 2025

Soule, Leslie, Kidder, Sayward & Loughman, P.L.L.C., of Wolfeboro (Barbara F. Loughman on the brief), for the petitioner.

Gibson, Dunn & Crutcher LLP, of Washington, D.C. (Matt Gregory and Victoria C. Granda on the brief), and Cornerstone, of Manchester (Ian B. Huyett on the brief), for the respondents.

MACDONALD, C.J.

[¶1] The Pittsfield School District (District) appeals a ruling of the New Hampshire State Board of Education (State Board) determining that the District must pay tuition for a Pittsfield resident, E.A., to attend Prospect Mountain School (Prospect Mountain), an open enrollment school. See RSA 194-D:3 (Supp. 2024). The District argues that RSA chapter 194-D "does not apply in any school district that has not adopted" the statute and, because the

District has not done so, the State Board "does not have the legal authority" to require the District to pay the pupil's tuition. We affirm.

## I. Background

[¶2] The following facts are supported by the record. The respondents, E.A.'s parents, live in the District with their child, E.A. The District operates Pittsfield Middle High School where E.A. was a student. In 2023, E.A. applied and was accepted for admission to Prospect Mountain into its tenth-grade class for the 2023-2024 school year. When Prospect Mountain contacted the District about paying tuition for E.A. to attend the school, the District superintendent responded that because the District's voters have not adopted RSA chapter 194-D, the statute "does not apply to [the District] or its students" and "[i]f [District] students want to attend [Prospect], their parents/guardians will be responsible for the tuition; the [District] will not."

[¶3] The respondents appealed the superintendent's determination to the District's School Board, which voted to deny their request for the District to pay E.A.'s tuition to attend Prospect Mountain. The respondents then appealed to the State Board and a hearing was held before a hearing officer. Following the hearing, the hearing officer recommended that the State Board uphold the School Board's decision because "[u]nder RSA 194-D, a sending school district is not required to pay tuition for a student who is accepted to an open-enrollment school that is not in the student's resident school district unless the sending school district has formally adopted an open-enrollment program, as noted in RSA 194-D."

[¶4] The respondents requested oral argument before the State Board. Following oral argument, the State Board rejected the hearing officer's recommendation. Based on the plain language of the statute, the State Board found that the purpose of the statute "is at least threefold: first, to provide parental choice in public schooling; second, to create a statutory pathway for any school district's legislative body to designate one or more of its schools as an open enrollment school; and third, to designate the sources of funding for open enrollment schooling." (Quotations, brackets, and ellipsis omitted.)

[¶5] The State Board rejected the District's interpretation of the statutory term "open enrollment school program" in RSA 194-D:3 as something more than a program adopted by a school district's legislative body to establish an open enrollment school in its district. The State Board found that the District's interpretation of the term as requiring a vote by the District to participate in Prospect Mountain's open enrollment program "ignores the statute's plain language." The State Board reasoned that "nothing in RSA 194-D:3 contemplates a sending district's adoption of an 'open enrollment school program' unless the sending district intends to establish its own open enrollment school." Accordingly, the State Board determined that RSA chapter

2

194-D "requires a resident district to pay the tuition of their pupils attending an open enrollment school outside the resident district regardless of whether the sending district has adopted the provisions" of the statute. The District unsuccessfully moved for rehearing. This appeal followed.

[¶6] After the appeal was filed in this court, the legislature amended RSA chapter 194-D. See Laws 2025, ch. 211 (eff. Sept. 13, 2025). We ordered the parties to file supplemental briefs addressing: (1) whether the amendments clarify or substantively change the former version of the statute; and (2) the effect, if any, of the amendments on the issues raised by the District on appeal.

II. Analysis

[¶7] RSA chapter 541 governs our review of the State Board's decision. See Appeal of Rye Sch. Dist., 173 N.H. 753, 758 (2020). Under RSA 541:13 (2021), a party seeking to set aside a decision of the State Board has the burden of demonstrating that the decision "is clearly unreasonable or unlawful." We will not disturb the State Board's decision, except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. Rye Sch. Dist., 173 N.H. at 758. The State Board's findings of fact are presumed prima facie lawful and reasonable. Id. We review the State Board's rulings on issues of law de novo. Id.

[¶8] Resolving the issues on appeal requires that we engage in statutory interpretation. We review the State Board's statutory interpretation de novo. See Appeal of Tower Hill Tavern, LLC, 177 N.H. ___, ___ (2025), 2025 N.H. 41, ¶8. We look first to the language of the statute itself and, if possible, construe that language according to its plain and ordinary meaning. Id. We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also construe all parts of a statute together to effectuate its overall purpose. Id. However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id.

[¶9] RSA chapter 194-D authorizes school districts in the state to establish open enrollment schools and sets forth the rights and responsibilities of an open enrollment school in a receiving district and, correspondingly, the rights and responsibilities of a sending district should a pupil residing in that district be accepted to attend an out-of-district open enrollment school. See RSA 194-D:1, IV (Supp. 2024) (a "[r]eceiving district" is "the school district to which a pupil is sent to attend an open enrollment school" (quotations omitted)); RSA 194-D:1, VII (Supp. 2024) (a "[s]ending district" is "the school district in which the pupil resides" (quotations omitted)). Pursuant to the statute, "[a]ny school district legislative body may vote to designate one or more of its schools as an open enrollment school." RSA 194-D:2, I (Supp. 2024). In

3

doing so, the school district "may predetermine the number of pupils residing outside an open enrollment school's district or attendance area it deems appropriate to accept." RSA 194-D:2, IV (Supp. 2024). Open enrollment schools may accept applications from "eligible pupils." RSA 194-D:2, V (Supp. 2024). "Pupil" is defined as "any child who is eligible for attendance in public schools in New Hampshire, and who lives with a parent." RSA 194-D:1, III (Supp. 2024).

[¶10] The District argues that because RSA 194-D:2 "allows any school district to designate a school as an open enrollment <u>school</u> while RSA 194-D:3 allows any school district to adopt an open enrollment <u>program</u>," the statute requires both the sending or resident district <u>and</u> the receiving district to vote to adopt an open enrollment school "program" before the statute's provisions apply to it. According to the District, "[t]he difference in language between open enrollment <u>school</u> and open enrollment <u>program</u> is significant," and because the District has authorized neither, it is "not bound to pay tuition to Prospect Mountain under the Open Enrollment Statute."

[¶11] Before this appeal, the statute defined an "[o]pen enrollment public school" or "open enrollment school" as "any public school which, in addition to providing educational services to pupils residing within its attendance area or district, chooses to accept pupils from other attendance areas within its district and from outside its district." RSA 194-D:1, I (Supp. 2024) (amended 2025) (quotations omitted). The phrase "open enrollment school program" appeared only in RSA 194-D:3, which sets forth the procedures a school district must follow to establish an open enrollment school. This difference in language — "open enrollment school program" versus "open enrollment school" — arguably suggested that those terms had different meanings. <u>Compare</u> RSA 194-D:3, I (Supp. 2024), <u>with</u> RSA 194-D:1, I.

[¶12] This, however, overlooks the fact that under RSA 194-D:2, I, a school district may "designate one <u>or</u> <u>more</u> of its schools as an open enrollment school." (Emphasis added.) Given this provision, we read the word "program" to accommodate those districts that designate more than one school as an "open enrollment school." In such circumstances, it is reasonable to conclude that the legislature employed "program" to avoid any implication that a district is required to use the procedures set out in RSA 194-D:3 for each open enrollment school it designates. The amendments to RSA chapter 194-D, moreover, clarify that the definition of an open enrollment school includes, in addition to "[o]pen enrollment public school" and "open enrollment school," an "open enrollment program." Laws 2025, ch. 211:1 (eff. Sept. 13, 2025) (amending RSA 194-D:1, I).

[¶13] This clarification answers the District's argument that the phrase "open enrollment <u>program</u>" means something different than authorizing an "open enrollment <u>school</u>," in support of its position that a sending district must

4

adopt the provisions of RSA chapter 194-D:3 to be responsible for paying tuition for a resident student who attends an out-of-district open enrollment school.  See Bovaird v. N.H. Dep't of Admin. Servs., 166 N.H. 755, 763 (2014) ("[W]here a former statute is clarified by amendment, the amendment is strong evidence of the legislative intent concerning the original enactment.").  There is no other language in the statute that could plausibly be construed to suggest that a sending district must adopt the provisions of RSA 194-D:3 to be subject to the terms of the statute, and we will not add language to the statute that the legislature did not see fit to include.  Tower Hill Tavern, LLC, 177 N.H. at __, 2025 N.H. 41, ¶8.  Thus, we conclude, as did the State Board, that "the permissive adoption of an 'open enrollment school program'" under RSA 194-D:3, I, "only applies to a school district wishing to establish an open enrollment school or that has already established an open enrollment school in its district."

[¶14] The legislature's recent amendments to RSA 194-D:5 (Supp. 2024) (amended 2025) further make clear that a sending district is responsible for paying a resident pupil's tuition to a receiving district that has been authorized as an open enrollment school regardless of whether the sending district has chosen to adopt an open enrollment school program.  RSA 194-D:5 sets forth the funding sources for open enrollment schools.  Prior to its amendment, RSA 194-D:5, I, provided:

> For an open enrollment school authorized by the school district, the pupil's resident district shall pay to such school an amount equal to not less than 80 percent of that district's average cost per pupil as determined by the department of education using the most recent available data as reported by the district to the department.

RSA 194-D:5, I (emphases added).  The recent amendments to RSA 194-D:5, I, provide additional specificity to the statute as follows:

> For an open enrollment school authorized by a receiving school district, the pupil's sending district shall pay the receiving district an amount equal to not less than 80 percent of the sending district's average cost per pupil as determined by the department of education using the most recent available data as reported by the sending district to the department.

Laws 2025, ch. 211:2 (eff. Sept. 13, 2025) (bolding omitted and emphases added).  This specificity confirms the intent of RSA 194-D:5, I: it is the receiving district that must be an open enrollment school, and a sending district is required to pay tuition under RSA 194-D:5, I, to an open enrollment school even if the sending district has not adopted an open enrollment school program under RSA 194-D:3, I.

[¶15] Finally, the legislature's recent amendment to RSA 194-D:6 (Supp. 2024) (amended 2025) addresses the District's assertion that it need not pay tuition to a receiving district because the District has never adopted a separate line item in its operating budget showing the estimated expenditures for open enrollment school tuition. Before the 2025 amendment to RSA 194-D:6, nothing in the statute required approval by the sending district of expenditures for tuition to open enrollment schools. The statute merely required that the sending district's budget include a line item for those expenditures. As amended, the statute clarifies that "[e]ach school district shall establish a line item in their operating budget, on an annual basis, reflecting estimated expenditures for open enrollment school tuition and offsetting revenue estimates from sending school districts." Laws 2025, ch. 211:3 (eff. Sept. 13, 2025) (bolding omitted and emphasis added).

[¶16] We hold that under RSA chapter 194-D, a sending school district is required to pay tuition under RSA 194-D:5, I, to an open enrollment receiving school in another district even if the sending district has not adopted an open enrollment program under RSA 194-D:3. We have considered the District's remaining arguments and conclude that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993); Sup. Ct. R. 25(8). Accordingly, we affirm.

Affirmed.

DONOVAN, COUNTWAY, and GOULD, JJ., concurred.